```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  SAMANTHA S. SPANGLER
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2792
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE. NO. 2:06-CR-0214 LKK |
| Plaintiff, | <u>EX PARTE</u> APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE |
| v. | OF PROPERTY IN GOVERNMENT CUSTODY - 18 U.S.C. § |
| SUSAN MICHELLE PRUETT, and KENNETH RICHARD PRUETT, | 983(a)(3)(B)(ii)(II) |
| Defendants. | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about April 3, 2006, Magistrate Judge Mueller issued a civil seizure warrant pursuant to 18 U.S.C. § 981(b) based on probable cause for all winnings obtained by Susan Michelle Pruett from the Video Poker Millionaire Maker tournament held on or about March 21, 2006, by Harvey's Tahoe Management Company Inc./Harrah's Operations Company Inc. up to the sum of $1,000,000.00. On or about April 4, 2006, an agent of the Internal Revenue Service-Criminal Investigation ("IRS") executed the above-referenced seizure warrant.

1

IRS seized the following asset on or about April 6, 2006 ("the seized asset") for the purpose of initiating civil forfeiture proceedings:

    a) Approximately $497,953.91 in U.S. Currency.

In accordance with 18 U.S.C. § 983(a)(1), the IRS sent notice of its intent to forfeit the seized asset in a non-judicial forfeiture proceeding to defendants Susan Michelle Pruett and Kenneth Richard Pruett; Lawrence Miles, Jr., who represents Cal Worthington and his business Big W Ranch Corporation; and Kelley Kern who represents Russell Mechanical, Inc., and caused that notice to be published in a newspaper of general circulation.

On or about May 9, 2006, Big W Ranch Corporation filed a claim contesting the administrative forfeiture of the seized asset pursuant to 18 U.S.C. § 983(a)(2). On or about May 23, 2006, Russell Mechanical, Inc., filed a claim contesting the administrative forfeiture of the seized asset pursuant to 18 U.S.C. § 983(a)(2). On or about June 2, 2006, defendant Susan Michelle Pruett filed a claim contesting the administrative forfeiture of the seized asset pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized asset in a criminal indictment. On August 3, 2006, the government elected the third option when it filed a Superseding Indictment containing a forfeiture allegation concerning the seized asset. That Superseding Indictment is now pending in this Court.

///

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute". The applicable forfeiture statutes in this case are 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1). Title 18 U.S.C. § 982(b)(1) incorporates the forfeiture procedures set forth in 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized asset pursuant to a federal seizure warrant, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with

Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including IRS and/or the Department of Treasury, may continue to maintain custody of the seized asset until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized asset through the conclusion of the pending criminal case and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: August 7, 2006       McGREGOR W. SCOTT
                            United States Attorney


                        By:  /s/  Samantha S. Spangler
                            SAMANTHA S. SPANGLER
                            Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following order:

IT IS HEREBY ORDERED, that the United States and its agencies, including the IRS and/or the Department of Treasury, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

    a) Approximately $497,953.91 in U.S. Currency seized on or about April 6, 2006.

IT IS SO ORDERED.

DATED: August 8, 2006

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT